# IN THE COURT OF APPEALS OF IOWA

No. 25-0824
Filed July 23, 2025

**IN THE INTEREST OF B.L.,**
**Minor Child,**

**H.H., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Keokuk County, Patrick McAvan, Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Katie Mitchell of Mitchell Law Office, PLC, Washington, for appellant mother.

Brenna Bird, Attorney General, and Lisa Jeanes, Assistant Attorney General, for appellee State.

Misty White Wilis, Sigourney, attorney and guardian ad litem for minor child.

Considered without oral argument by Greer, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

When one-year-old B.L. was born in June 2024—about eight weeks early—she tested positive for methamphetamine, amphetamine, and THC. Although the infant stayed in the neonatal intensive care unit for close to a month, the mother left the hospital soon after she was born. The mother did not see B.L. again until March 2025, after a petition to terminate her parental rights had been filed. The juvenile court granted the petition,[1] terminating the mother's parental rights under Iowa Code section 232.116(1)(b), (e), (g), and (h) (2024). The mother appeals,[2] contending termination was not in the child's best interest.

We review termination proceedings de novo. *In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022). While we generally apply a three-step analysis in our review, *see id.*, because the mother only challenges the court's best-interest determination, we limit our analysis to that step, *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). In considering the best interest of the child, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2); *see also P.L.*, 778 N.W.2d at 36–39.

---

[1] The court also terminated the rights of the presumed father and any putative fathers. The presumed father has not appealed.

[2] The State contests error preservation because the mother did not attend the termination hearing and her counsel did not "raise or present any evidence to support [the] contention that termination is not in the best interests of the child." We find that counsel made a "modest but sufficient record of the mother's opposition to termination," and by contesting the sufficiency of the evidence supporting the best-interest determination, error is preserved for our review. *See In re J.R.*, 20 N.W.3d 839, 842–43 (Iowa Ct. App. 2025).

B.L. was removed from her mother's custody before she was discharged from the hospital. She was placed with a foster family who had adopted the child's older sibling. B.L. has resided with that family since then. The case manager for the Iowa Department of Health and Human Services reported that B.L. was happy, healthy, and "doing great." The mother, meanwhile, has been absent. After some early contact with the case manager, she stopped participating in the child-in-need-of-assistance proceedings. The State accordingly petitioned to terminate her parental rights in December 2024, and a hearing was set for March 2025.

The week before the hearing, the mother reached out to the case manager, who provided her with an application for court-appointed counsel and scheduled a visit with B.L. The mother missed that visit, but she applied for counsel the day of the hearing. The juvenile court granted the application and continued the hearing to April. The case manager tried to schedule three more visits for the mother, but she either failed to confirm or canceled the visits. The mother attended one visit with the child at the end of March, which went well. She told the case manager after the visit that she had obtained substance use and mental health evaluations. The mother said the substance use evaluation recommended inpatient treatment for her years-long addiction to methamphetamine, but she did not tell the case manager the results of the mental health evaluation. Despite these belated but positive steps, the mother missed the rescheduled termination hearing.

Now, on appeal, the mother argues that her recent engagement with services and positive first visit with B.L. shows that termination is not in the child's best interest. We disagree. "A parent cannot wait until the eve of termination, after the statutory time periods for reunification have expired, to begin to express an

interest in parenting." *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000). The mother admitted to using illegal drugs, and she has not yet participated in substance use treatment. The status of her mental health was also unknown, as was her living situation. We agree with the juvenile court that the child's "safety and need for a permanent home are paramount. She cannot be safely returned to any parent. [She] is a child that needs permanency, and no parent is in a position to provide her the permanency she needs and deserves."

The mother contends that she "has a bond with the child" that she "wants to preserve." *See In re L.A.*, 20 N.W.3d 529, 535 (Iowa Ct. App. 2025) ("[T]he parent-child bond is a relevant consideration in the best-interests analysis"). Considering that the mother only saw the child once in the first ten months of her life, the strength of any bond is questionable. While we do not doubt the mother's love for B.L., that does not outweigh the child's need for a safe and stable home. *See In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (identifying the "defining elements in a child's best interests" as the child's "safety and his or her need for a permanent home" (citation omitted)). The case manager testified that the foster family—who wanted to adopt B.L.—were all the child has ever known as parents. She was bonded to them and her older sibling and integrated into their home. *See* Iowa Code § 232.116(2)(b).

Balancing B.L.'s need for long-term stability against the mother's unresolved substance use and unknown mental health needs, we find that terminating the mother's parental rights is in the child's best interest. *See In re L.T.*, No. 24-1348, 2024 WL 4966040, at *4 (Iowa Ct. App. Dec. 4, 2024) (finding termination was in the best interest of a child who was integrated in a long-term

foster placement, despite the mother's recent efforts to address her methamphetamine use), *abrogated on other grounds by L.A.*, 20 N.W.3d at 529. Although the mother passively asks for "an additional six months to participate in substance use treatment and mental health treatment so that reunification can occur," we agree with the juvenile court that was unwarranted. Given the mother's historical lack of engagement—here and in the case involving the child's older sibling—we cannot conclude "that the need for removal . . . will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). So we deny her request for more time.

We affirm the juvenile court's order terminating the mother's parental rights.

**AFFIRMED.**